

FILED
FEB - 6 2020
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

Deborah Lois Adri
14431 Ventura Blvd., Ste 401
Sherman Oaks, CA 91423

In Pro Per

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>DEBORAH ADRI,<br><br>Debtor.<br><br>---<br><br>DEBORAH ADRI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT YASPAN, individually and doing business as Law Offices of Robert Yaspan; ELISSA MILLER, Chapter 7 Trustee,<br><br>Defendants. | Adv. Case No. 1:20-ap-xxxxx-VK<br><br>Chapter 7 (converted from Chapter 11)<br><br>Bankr. Case No. 1:18-bk-10417-VK<br><br>**PLAINTIFF DEBORAH ADRI'S COMPLAINT FOR:**<br><br>1. **UNJUST ENRICHMENT**<br>2. **BREACH OF FIDUCIARY DUTY**<br>3. **PROFESSIONAL NEGLIGENCE**<br>4. **FRAUDULENT CONCEALMENT**<br>5. **FRAUDULENT MISREPRESENTATION**<br>6. **CONSTRUCTIVE FRAUD**<br>7. **ATTORNEYS' FEES FOR THE TORT OF ANOTHER**<br>8. **DISGORGMENT OF FEES**<br>9. **DECLARATORY JUDGMENT**<br><br>**[Demand for Jury Trial]** |

Plaintiff Deborah Adri ("Adri" or "Debtor"), hereby files this complaint against Robert Yaspan, ("Yaspan" or "Defendant"), and demanding a trial by jury, avers as follows:

1

PLAINTIFF'S COMPLAINT

## REQUIRED PLEADING DISCLOSURE

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Debtor alleges that the claim for relief alleged herein is partially core, and partially non-core. Consent is not given to entry of final orders or judgment by the Bankruptcy Judge pursuant to Fed. R. Bankr. Proc. 7008. Pursuant to Fed. R. Bankr. Proc. 7008(a), the underlying bankruptcy case to which this adversary case relates is Deborah Adri, Case Number 1:18-bk-10417-VK, Chapter 7, being administered in the Central District of California, San Fernando Valley Division before the Hon. Victoria S. Kaufman, presiding.

## JURISDICTION AND VENUE

2. This action is a civil proceeding related to a case under Title 11 of the United States Code. This Court may have jurisdiction over some of the components of this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, as well as the Local Bankruptcy Rules of the United States Bankruptcy Court and the United States District Court for the Central District of California. As set forth herein, to the extent the Court does not have jurisdiction, the Court should dismiss without prejudice so that the matter can be pursued in the Los Angeles Superior Court, and the Court should permit leave to sue in state court in any such dismissal order for want of jurisdiction.

3. Venue is proper in this Court, including venue pursuant to 28 U.S.C. §§1408 and 1409, because, among other things, this is the District in which the bankruptcy action is pending. Pursuant to 28 U.S.C. § 1391, venue is also appropriate as defendants are authorized to and regularly carry out substantial business in this District and the acts and conduct complained of herein took place within this District. Accordingly, this Court also has personal jurisdiction over the defendant.

## THE PARTIES

4. Plaintiff Deborah Adri, is an individual who resides in the County of Los Angeles.

5. Defendant Robert Yaspan is an attorney duly licensed to practice law in the State of California with offices located in Woodland Hills, California. Yaspan practices under the fictitious business name, Law Offices of Robert Yaspan. Yaspan has been licensed to practice since 1972 and holds himself out as a bankruptcy practitioner.

6. Defendant Elissa Miller, the duly appointed and acting Chapter 7 Trustee in the

bankruptcy case, is named to this action only as an indispensable party, and not based on any misconduct, and only as to the Eighth Count of the Complaint seeking a declaration that the claims being asserted herein are not property of the bankruptcy estate.

## STATEMENT OF FACTS

7. In or around December 2017, Yaspan advsed Adri that she file an individual chapter 11 debtor in possession bankruptcy proceeding. Thereafter and up to February 16, 2018, the date Yaspan filed Adri's chapter 11 petition, [Case No.: 1:18-bk-10417 VK, Doc.1] Yaspan and individuals employed by Yaspan, obtained Deborah's financial information to analyze and advise Deborah, among other things, with respect to the best chapter of bankruptcy relief from Deborah, the timing of her bankruptcy filing, her rights, obligations and advantages under a bankruptcy case, and to evaluate whether Deborah was eligible for a bankruptcy proceeding and to prepare Deborah's bankruptcy petition and schedules, including without limitation, Adri's obligation to taxing authorities. Yaspan continued to give advice after the Petition Date to Ms. Adri that the Tax Obligation would be dischargeable in bankruptcy.

8. On February 23, 2017 the California Franchise Tax Board ("FTB") recorded a $292,658.97 Notice of State Tax lien against Adri based on tax obligations owed, and the Internal Revenue Service has also demanded an amount of approximately $581,000 (collectively, the "Tax Obligation").

9. This action arises out of personal damage Ms. Adri sustained by way of the impact on her discharge, and the ability to discharge tax liability based on the complete absence of proper advice concerning when the tax debt would be discharged in *In re Deborah L. Adri,* 1:18-bk-10417-VK, by Yaspan. Plaintiffs are informed and believe the following:

10. Yaspan's last court filing in the bankruptcy case *In re Deborah L. Adri*, 1:18-bk-10417-VK, was February 6, 2019.

11. Substitution of Attorney was signed by DA on February 6, 2019, by Yaspan and Weintraub & Selth on February 7, 2019 and filed with the court on February 7, 2019.

12. Adri retained Yaspan for asset planning and protection, to which Yaspan held himself out as having expertise.

13. Yaspan advised that funds Adri was holding, of $600,000, be placed into Golden Girls ($100,000) and Ride on Auto ($500,000) to protect assets against creditors.

14. The Debtor recognizes that the Trustee is asserting some of the below claims against Yaspan based on alleged damage to the estate.

15. The Debtor has personal claims that are not property of the estate because they accrued after conversion to Chapter 7, i.e. the Debtor may lose her discharge based on Yaspan's conduct at which point she would owe over $1.4 million dollars, and would not discharge tax liability in the amount of over $581,000 to the IRS and $292,000 to the FTB.

## COUNT I

### Unjust Enrichment

16. Adri re-alleges paragraphs 1-51 above as if fully set forth herein. and incorporate by reference paragraphs 1 through 51 above as if fully set forth herein.

17. Yaspan purported to serve as the Debtor's counsel, but most if not all of his legal services solely benefitted Yaspan, entities unrelated to the Debtor, or both. Yaspan unfairly received more than $25,000in legal fees and costs at the Debtor's expense.

18. It was unethical and improper for Yaspan to collect and retain payment from the Debtor for professional services that did not benefit the Debtor and, in fact, harmed the Debtor. Retention of these funds by Yaspan would be unjust and inequitable because Yaspan breached his fiduciary duties to the Debtor, including by (i) looking out for himself and ensuring his own payment rather than the dischargeability of debt; and (iii) concealing certain matters and transactions during the course of the Debtor's bankruptcy case.

## COUNT II

### Breach of Fiduciary Duty

19. Plaintiff incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

20. By virtue of the attorney-client relationship that existed between Yaspan and the Debtor, Yaspan owed the Debtor a fiduciary duty which, among other things, required an unwavering commitment to loyalty, candor, and full disclosure to the Debtor. Yaspan was obligated

to act in good faith in the course of his representation of the Debtor and with the highest regard for the Debtor's interests.

21. Yaspan breached his fiduciary duties to the Debtor by failing to act in the Debtor's best interests, including by (i) improperly collecting fees from the Debtor for legal services that were harmful to the Debtor; (ii) failing to provide advice to the Debtor that her Tax Obligation would not be discharged; (iii) by failing to advice Debtor that if she waited to file her Petition, she would have been able to discharge the Tax Obligation; (iv) failing to file the appropriate chapter of bankruptcy at the appropriate time given Debtor's tax liabilities, and to make appropriate consideration and advice concerning exemptions; (v) otherwise knowingly and/or negligently failing to protect and act in furtherance of the Debtor's best interests.

22. As a direct and proximate result of Yaspan's breaches of fiduciary duty, the Debtor suffered damages in an amount to be determined at trial, including but not limited to the legal fees for services that provided no benefit to, and in fact harmed, the Debtor, damage to the Debtor personally by virtue of not being able to discharge the Tax Obligation, damage to the Debtor by virtue of not being able to discharge any debts.

## COUNT III

### Professional Negligence

23. Plaintiff incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

24. By virtue of the attorney-client relationship that existed between Yaspan and the Debtor, and an engagement letter between Yaspan and the Debtor, Yaspan owed the Debtors a duty to exercise the skill and knowledge ordinarily possessed by other attorneys in the community and to act with reasonable care, diligence, and prudence in his representation of the Debtors.

25. Yaspan breached his duties to the Debtor by failing to act competently in the course of his representation of the Debtors, including by by (i) improperly collecting fees from the Debtor for legal services that were harmful to the Debtor; (ii) failing to provide advice to the Debtor that her Tax Obligation would not be discharged; (iii) by failing to advice Debtor that if she waited to file her Petition, she would have been able to discharge the Tax Obligation; (iv) failing to file the

appropriate chapter of bankruptcy at the appropriate time given Debtor's tax liabilities, and to make appropriate consideration and advice concerning exemptions; (v) otherwise knowingly and/or negligently failing to protect and act in furtherance of the Debtor's best interests.

26. By virtue of the acts alleged herein, Yaspan breached his legal and ethical duties to the Debtor and violated the California Rules of Professional Conduct, including but not limited to frmr. Rules 3-110, 3-300, 3-300, 3-310, 3-600, and 5-220 (now re-numbered).

27. As a direct and proximate result of Yaspan's malpractice, the Debtor suffered damages in an amount to be determined at trial, including but not limited to the legal fees for services that provided no benefit to, and in fact harmed, the Debtor, damage to the Debtor personally by virtue of not being able to discharge the Tax Obligation, damage to the Debtor by virtue of not being able to discharge any debts.

## COUNT IV

### Fraudulent Concealment

28. Plaintiff incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

29. As Plaintiff's counsel in the bankruptcy action, and for purposes of advice prior to bankruptcy, Defendant owed Plaintiff fiduciary duties of confidentiality and loyalty. As Plaintiff's counsel in the bankruptcy action, Defendant also owed Plaintiff a duty and an ethical obligation under California Rules of Professional Conduct, frmr. Rule 3-500, to keep Plaintiff reasonably informed regarding significant developments in her case, and to not make advice that could jeopardize the Debtor.

30. As a proximate result of Defendant's concealment from Plaintiff of the material facts alleged herein and Defendant's false representations to Plaintiff, Plaintiff was damaged in the amount of not less than $1,500,000 (the potential loss of a discharge).

31. In committing the acts described above, Defendant was guilty of malice, bad faith, high moral culpability and wanton dishonesty to Plaintiff. Defendant's fraudulent concealment of material facts was willful and made for the purpose of deceiving and defrauding Plaintiff. Plaintiff is therefore entitled to punitive damages in an amount based upon proof at the time of trial.

## COUNT V

### Constructive Fraud

32. Plaintiff incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

33. As Plaintiff's counsel in the chapter 7 and chapter 11 action, Defendant owed Plaintiff fiduciary duties of confidentiality and loyalty. As Plaintiff's counsel in the Chapter 7 Bankruptcy action, Defendant also owed Plaintiff a duty and an ethical obligation under California Rules of Professional Conduct, Rule 3-500, to keep Plaintiff reasonably informed regarding significant developments in her case.

34. Defendant breached his fiduciary duties and ethical obligations to Plaintiff by the acts alleged herein, by concealing from Plaintiff and from the Court certain facts about transactions as set forth above.

35. Defendant misrepresented facts to Plaintiff and concealed the facts alleged herein from Plaintiff and from the Court with the intent to deceive Plaintiff, and to deceive the Court.

36. Plaintiff reasonably and justifiably relied on Defendant to disclose all material facts to herself and to the Court.

37. As a proximate result of Defendant's concealment from Plaintiff of the material facts alleged herein and Defendant's false representations to Plaintiff, Plaintiff was damaged in the amount of not less than $1,500,000.

38. In committing the acts described above, Defendant was guilty of malice, bad faith, high moral culpability and wanton dishonesty to Plaintiff. Defendant's fraudulent concealment of material facts was willful and made for the purpose of deceiving and defrauding Plaintiff. Plaintiff is therefore entitled to punitive damages in an amount based upon proof at the time of trial.

## COUNT VI

### Attorneys' Fees for Tort of Another

39. Plaintiff incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

40. As a direct and proximate cause of the tortious acts of Yaspan as alleged above, Adri has incurred significant attorneys' and other professional fees by having to retain Weintraub & Selth for several matters, and others including a forensic accountant and counsel for ROA.

41. As such, Adri is entitled to collect from Yaspan the attorneys' fees based on all fees incurred by Weintraub & Selth, the forensic accountant and ROA's counsel.

## COUNT VII

### Disgorgement of Fees

42. Plaintiff incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

43. The Bankruptcy Court has the authority to disgorge fees paid to professional persons under 11 U.S.C. § 329 and Rule 2014 for failure to render services competently or based on misconduct.

44. Here, Yaspan failed to render services competently and engaged in misconduct warranting full disgorgement of fees as an equitable remedy.

## COUNT VIII

### For Declaratory Judgment That The Above Claims Against Yaspan Are Not Property Of The Estate And Plaintiff Is Permitted Leave of Court to Sue In State Court If The Court Lacks Subject Matter Jurisdiction

45. Plaintiff incorporates by reference the matters alleged in the foregoing paragraphs of this Complaint as if fully set forth herein.

46. The claims herein (Counts I through VII) are of a personal nature to the Debtor.

47. The malpractice claims here involve damage personal to the Debtor, including (1) the loss of a discharge, and (2) lack of dischargeability as to the Tax Obligation, among other allegations.

48. The malpractice claim accrued post-conversion to chapter 7 when Debtor's discharge was impacted, and damages accrued that certain claims would be excepted from discharge by operation of law.

49. This is a claim for declaratory relief brought under 28 U.S.C. §§ 2201 and 2202.

50. 28 U.S.C. §§ 2201 et. seq. authorizes relief for any person who desires a declaration of rights or duties with respect to one another. In cases of actual controversy relating to the legal rights and duties of respective parties, such a person may seek a judicial declaration of his or her rights and duties relative to an instrument or contract, or alleged contract, or lien, including a determination of any question of construction or validity arising under the instrument or contract, lien or alleged contract.

51. The Bankruptcy Court does not have subject matter jurisdiction over any part of an action that accrues post-petition, and thus, there is no subject matter jurisdiction over the Post-Petition Malpractice Action. *Holcomb v. Altagen (In re Holcomb)*, 2018 WL 1976526 (B.A.P. 9th Cir. April 25, 2018).

52. Subject matter jurisdiction can be raised at any time. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

53. The Bankruptcy Trustee has filed her own malpractice action. An actual controversy exists between Plaintiff and Yaspan, and the Trustee as to their rights and duties to each other. Specifically, the Trustee has asserted that Plaintiff may not proceed on at least some components of the above claims, and she has in fact brought her own malpractice claim against Yaspan. Plaintiff contends that the law in this Circuit provides that the Court has no jurisdiction over the Post-Petition Malpractice Claim, and the Trustee may not assert the malpractice claims (or at least some of the claims) she raises. Accordingly, a declaration is necessary and proper at this time.

54. Plaintiff requests declaratory relief and a determination that the claims being asserted herein are not property of the estate.

55. Specifically, Plaintiff seeks a determination that she is not barred or estopped from pursuing the Post-Petition Malpractice Action.

56. Plaintiff seeks a determination that if the Court finds it lacks subject matter jurisdiction, that the case be dismissed without prejudice such that the action can be brought in Los Angeles Superior Court, and that such leave of Court should be granted, declared and adjudged in any such order of dismissal that Mr. Yaspan may be sued in the Los Angeles Superior Court, and that Plaintiff is granted leave to do so.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

(1) For compensatory damages in a sum of not less than $250,000 according to proof at trial based on inability to discharge tax obligation to the Franchise Tax Board that would have been discharged had Yaspan simply waited to file the bankruptcy case;

(2) For compensatory damages in a sum of not less than $581,000 according to proof at trial based on inability to discharge tax obligation to the Internal Revenue Service that would have been discharged had Yaspan simply waited to file the bankruptcy case;

(3) For punitive damages;

(4) For costs of suit;

(5) For attorney's fees;

(6) For such other and further relief as this Court may deem just and proper.

Dated: February 5, 2020

By: _____
DEBORAH ADRI

DEBORAH ADRI in Pro Per

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial on all issues so triable.

Dated:   February 5, 2020

By: _____
    DEBORAH ADRI

    DEBORAH ADRI in Pro Per

PLAINTIFF'S COMPLAINT

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

RECEIVED FEB - 6 2020 CLERK U.S. BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY: _____ Deputy Clerk

| PLAINTIFFS<br>DEBORAH ADRI | DEFENDANTS<br>ROBERT YASPAN, individually and doing business as Law Offices of Robert Yaspan, and ELISSA MILLER, Chapter 7 Trustee |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Deborah Lois Adri, in Pro Per<br>14431 Ventura Blvd., Ste 401<br>Sherman Oaks, CA 91423 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

1. Unjust Enrichment; 2. Breach of Fiduciary Duty; 3. Professional Negligence; 4. Fraudulent Concealment; 5. Fraudulent Misrepresentation; 6. Constructive Fraud; 7. Attorneys' Fees for the Tort of Another; 8. Disgorgement of Fees; 9. Declaratory Judgment

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>DEBORAH ADRI | BANKRUPTCY CASE NO.<br>1:18-bk-10417-VK |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>San Fernando Valley || NAME OF JUDGE Hon.<br>Victoria S. Kaufman |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>02/03/2020 ||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Deborah Adri |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.